UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Leroy Goodwin,

       Petitioner,

       v.                                       Civil Action No. 2:14-cv-110

Andrew Pallito,

       Respondent.

## **REPORT AND RECOMMENDATION**
(Docs. 3, 10)

Leroy Goodwin, a Vermont inmate proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 3.) Goodwin is currently serving a state sentence of two to ten years after pleading guilty in 2007 to one count of first-degree aggravated domestic assault in violation of 13 V.S.A. § 1043,[1] and subsequently pleading guilty to a probation violation. Respondent moves to dismiss Goodwin's Petition on the grounds that it is time-barred. (Doc. 10.) Goodwin has not filed any opposition.

For the reasons set forth below, I recommend that Respondent's Motion to Dismiss (Doc. 10) be GRANTED as to all of Goodwin's claims except for his claim alleging errors in his PCR case. I further recommend that, under Rule 4 of the Rules Governing § 2254 Cases, Goodwin's claim attacking the PCR proceedings be

---

[1] Goodwin apparently also pleaded guilty to an additional count of (simple) domestic assault under 13 V.S.A. § 1042. (*See* Doc. 3-1 at 5.)

DISMISSED. Accordingly, I recommend that Goodwin's Petition (Doc. 3) be DISMISSED.

## Background

It is unnecessary here to recite the entire procedural history leading up to Goodwin's guilty plea. For present purposes, it is sufficient to note that, after his arraignment, Goodwin appealed the Vermont District Court's order holding him without bail. *State v. Goodwin*, No. 2006-259, 2006 WL 5849671, at *1 (Vt. June 2006) (unpublished mem.). The Vermont Supreme Court noted that Goodwin had been arraigned on two felony counts of aggravated domestic assault for two separate allegations that he had manually choked his wife. *Id.* For the occasion giving rise to the first count, the Supreme Court found that there was no admissible evidence that the complainant lost consciousness due to being choked, and thus concluded that the State had failed to make a prima facie case on that count. *Id.* at *3. For the occasion giving rise to the second count, the Supreme Court relied on the complainant's affidavit, in which she stated that Goodwin had choked her to the point of unconsciousness. *Id.* Concluding that unconsciousness amounted to a "serious bodily injury" for the purposes of aggravated domestic assault, the Supreme Court determined that the State's evidence in support of the second count was great. *Id.* The Supreme Court accordingly affirmed the district court's order holding Goodwin without bail. *Id.* at *4.

Goodwin entered his guilty plea in the underlying state criminal case on May 17, 2007. (*See* Doc. 3-1 at 5.) His resulting two- to ten-year sentence was suspended except for one year with credit for time served, and he was placed on

2

probation.  (*Id.*)  He did not file an appeal.  On July 13, 2010, he pleaded guilty to violating his probation, resulting in the revocation of his probation and the imposition of his underlying sentence with credit for time served.  (*Id.*)

On January 14, 2011, Goodwin filed a *pro se* habeas corpus petition in the United States District Court for the District of Massachusetts.  *See Goodwin v. Pallito*, No. 3:11-cv-30011-MAP, at 1 (D. Mass. Feb. 22, 2011), ECF No. 4.[2]  That court dismissed the petition without prejudice on February 22, 2011.  *Id.* at 4.  The court reasoned that Goodwin had not made it clear whether he was in custody pursuant to the 2007 conviction; that he had failed to exhaust his state-court remedies; and that even if he was in custody pursuant to the 2007 conviction, his habeas petition belonged in the United States District Court for the District of Vermont.  *Id.* at 3–4.  The court also noted that there is a one-year statute of limitations for seeking federal habeas corpus review.  *Id.* at 3 (citing 28 U.S.C. § 2244(d)).

On June 7, 2011, Goodwin filed a petition for postconviction relief ("PCR") under 13 V.S.A. § 7131 in the Vermont Superior Court.  (*See* Doc. 3-1 at 1.)  In a decision filed May 1, 2013, the Superior Court granted summary judgment to the State.  (*Id.* at 7.)  Goodwin appealed *pro se*, and the Vermont Supreme Court affirmed.  *Goodwin v. Pallito*, No. 2013-236, 2014 WL 3714722 (Vt. Apr. 25, 2014) (unpublished mem.).[3]

---

[2]  The Massachusetts U.S. District Court's opinion appears as an attachment to Goodwin's Petition in this case.  (*See* Doc. 3-3.)

[3]  The Vermont Supreme Court's opinion affirming the Superior Court also appears as an attachment to Goodwin's Petition.  (*See* Doc. 3-2.)

3

Goodwin filed his § 2254 Petition in this Court on May 30, 2014. (Doc. 3.) He asserts five grounds for relief: (1) the denial of pretrial bail was unconstitutional and denied him his due process rights; (2) ineffective assistance of counsel; (3) insufficient evidence to convict; and (4) due process violations arising from the Vermont courts' alleged erroneous rulings in the PCR case; (5) his guilty plea was induced by a promise from the prosecutor regarding release on probation that was void as a matter of law. (Doc. 3 at 5–13.)

## Analysis

### I. AEDPA's Limitations Period

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitations period starts from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The time during which a "properly filed" application for State postconviction or other

4

collateral review with respect to the judgment of conviction is "pending" does not count toward any of § 2244(d)'s periods of limitation. *Id.* § 2244(d)(2). Here there is no allegation or indication that subparagraph (C) applies; I therefore turn to the remaining subparagraphs of § 2244(d)(1)—although I take them slightly out of order.

### A. Section 2244(d)(1)(B)

Goodwin appears to argue that he was prevented from filing a timely habeas petition. Specifically, he asserts that "[t]here was no way of knowing but through my court[-]appointed attorney at sentencing (who[se] effectiveness is being challenged in this petition), [t]hat a one[-]year statute of limitations applies to this habeas petition." (Doc. 3 at 16.) He also appears to argue that he lost the benefit of tolling under 28 U.S.C. § 2244(d)(2) because his court-appointed attorney did not file a PCR petition on his behalf, despite having told Goodwin prior to accepting the plea offer that he would do so. (*Id.*)

Under subparagraph (B), the one-year period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Such a constitutional impediment to filing is similar to "official interference." *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). However, even assuming that Goodwin's counsel was incompetent or ineffective in failing to advise him of AEDPA's limitations period or in failing to file a PCR petition, that does not amount to a State impediment under § 2244(d)(1)(B). *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("[A] State's effort to assist prisoners in

5

postconviction proceedings does not make the State accountable for a prisoner's delay. Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself."); *Montoya v. Milyard*, 342 F. App'x 430, 432 (10th Cir. 2009) (rejecting argument that § 2244(d)(1)(B) applied due to counsel's alleged ineffectiveness in failing to notify petitioner of AEDPA's one-year statute of limitations). Moreover, Goodwin does not allege that he could not have discovered AEDPA's limitations period on his own in the months following his conviction. *See Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (section 2244(d)(1)(B) did not apply, in part because the plain language of AEDPA limitations period supplied the necessary information); *Killimayer v. Rock*, No. 12-cv-6328 (NSR)(LMS), 2013 WL 5586651, at *10 (S.D.N.Y. Oct. 9, 2013) (no allegation that prison law libraries lacked a copy of AEDPA or that petitioner was prohibited from conducting general research that would have led him to discover AEDPA on his own).

    **B.**    **Section 2244(d)(1)(D)**

Under § 2244(d)(1)(D), the one-year limitations period starts on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The "factual predicate" means the "'vital facts' underlying the claim"—that is, those facts "without which the claim would necessarily be dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)). I apply that standard to each of Goodwin's five claims in this case.

As to Goodwin's claim challenging the denial of pretrial bail, Goodwin must have been aware of the Vermont Supreme Court's adverse ruling on his bail appeal shortly after that ruling in June 2006—too early to be of any benefit under § 2244(d)(1)(D). Similarly, Goodwin does not allege that he only recently learned of the evidence against him; his sufficiency-of-the-evidence claim therefore also does not benefit from § 2244(d)(1)(D).

Goodwin's ineffective-assistance-of-counsel claim spans a variety of alleged failures, but he does not assert that he observed the alleged ineffective conduct only recently. Goodwin claims that counsel, after advising that he would be filing a PCR case, was ineffective for failing to do so. (Doc. 3 at 16.) Similar claims could arguably be the basis for a later start date under § 2244(d)(1)(D). *See Shadid v. Nicolato*, No. 13 Civ. 5800(PGG)(JCF), 2014 WL 3639169, at *2 (S.D.N.Y. July 23, 2014) ("When an attorney fails to file a notice of appeal after making assurances that he would do so, the statute of limitations begins to run as of the date on which the petitioner should have learned of the lawyer's failure."). But Goodwin also states that it was only shortly after accepting the plea that he learned that his attorney would not make any such filing. (*See* Doc. 3 at 16 ("[A]fter accepting the State's plea, I was then advised by the same attorney that he was no longer my lawyer upon my acceptance of a plea deal, [t]herefore he was not contractually bound or obligated by the State to file any motions or petitions on my behalf.").) Thus § 2244(d)(1)(D) is of no help with respect to Goodwin's ineffective-assistance claim.

Goodwin's fourth claim alleges that the Vermont state courts made erroneous rulings in his PCR case. The Vermont Supreme Court's affirmance (*see* Doc. 3-2) was issued on April 25, 2014—well within a year prior to Goodwin's May 30, 2014 Petition in this case. Therefore, dismissal of that claim on the grounds that it is time-barred is not appropriate. However, the claim fails for a different reason. As the Second Circuit has held, "alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief." *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (per curiam). Thus it plainly appears that Goodwin is not entitled to relief on his fourth claim, and the Court should dismiss that claim under Rule 4 of the Rules Governing § 2254 Cases.

Goodwin's fifth claim is that he pleaded guilty in reliance on a promise from the prosecution regarding release on probation that, according to Goodwin, could not be fulfilled. Presumably Goodwin learned that he was not being released almost immediately after the plea; he does not allege that he only recently learned new *facts* regarding this claim. He does allege that he only learned about the applicable *law* in April 2014. (Doc. 3 at 13.) That is insufficient to trigger § 2244(d)(1)(D). *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance."); *Carter v. State of Maine*, No. Civ. 00-15-P-C, 2000 WL 760975, at *2 & n.3 (D. Me. Apr. 18, 2000) (rejecting argument that § 2244(d)(1)(D) applies when the petitioner is unable to uncover the "legal predicate," and noting that courts have rebuffed attempts to excuse late habeas filings based on ignorance of the law).

8

### C.     Section 2244(d)(1)(A)

Having concluded that subparagraphs (B) and (D) do not apply, I return to subparagraph (A). As noted above, Goodwin pleaded guilty and was sentenced on May 17, 2007. Since he did not seek direct review of his conviction, AEDPA's one-year period under § 2244(d)(1)(A) began running on June 17, 2007. *See* V.R.A.P. 4; *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (one-year limitations period began running on the date petitioner's time for filing a notice of appeal expired). That one-year period therefore expired on June 17, 2008. Goodwin did not file any collateral attack on his conviction in any court before that date. Thus there is no basis for tolling under 28 U.S.C. § 2244(d)(2).

## II.    Actual Innocence

Goodwin alleges that he is actually innocent. (*See* Doc. 3 at 8.) It is true that "a credible and compelling showing of actual innocence under the standard described by the Supreme Court in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518 (2006)] warrants an equitable exception to AEDPA's limitation period, allowing the petitioner to have his otherwise time-barred claims heard by a federal court." *Rivas*, 687 F.3d at 518. This is a "demanding" standard that "permits review only in the extraordinary case." *Id.* at 542 (internal quotation marks omitted).

"For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* at 541 (quoting *Schlup*, 513 U.S. at 324).

> Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same—*i.e.*, the petitioner still must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."

*Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'"  *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 538).

      Here, Goodwin asserts that proof of his innocence appears in the Vermont Supreme Court's single-Justice Entry Order on his bail appeal, *Goodwin*, 2006 WL 5849671.  That opinion does not amount to a credible and compelling showing of actual innocence.  To the contrary, the opinion states that the evidence of guilt was great as to the second count of aggravated domestic assault (a count to which Goodwin pleaded guilty).  As to the first count, the court concluded that the state had failed to make a prima facie case of *aggravated* domestic assault under 13 V.S.A. § 1043, but that does not prove that Goodwin is innocent of *simple* domestic assault under 13 V.S.A. § 1042.  Simple domestic assault has different elements, and Goodwin's guilty plea to that charge is not undermined by the Vermont Supreme Court's bail-appeal decision.  Accordingly, I conclude that there is no basis for applying the actual-innocence exception to AEDPA's limitation period.

**III.    Equitable Tolling**

"AEDPA's statute of limitations is not jurisdictional and does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Rivas*, 687 F.3d at 537 (citation and internal quotation marks omitted). "Rather, the limitations period in § 2241(d) is subject to equitable tolling in appropriate cases—specifically, were the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). Here, at no time between his sentencing in May 2007 and his first habeas petition in January 2011 did Goodwin pursue any postconviction rights. His reasons for that failure do not warrant later starting dates under any of the provisions of § 2244(d)(1), and I conclude also do not constitute extraordinary circumstances that might warrant equitable tolling.

## Conclusion

For the reasons set forth above, I recommend that Respondent's Motion to Dismiss (Doc. 10) be GRANTED as to all of Goodwin's claims except for his claim alleging errors in his PCR case. I further recommend that, under Rule 4 of the Rules Governing § 2254 Cases, Goodwin's claim attacking the PCR proceedings be DISMISSED. Accordingly, I recommend that Goodwin's Petition (Doc. 3) be DISMISSED.

Dated at Burlington, in the District of Vermont, this 25th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).